## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

    v.

JERRY WILKINSON,
    Defendant.

Case No. 1:17-cr-127

Dlott, J.

Litkovitz, M.J.

**UNDER SEAL**

## ORDER DIRECTING UNITED STATES MARSHAL TO DESIGNATE DEFENDANT JERRY WILKINSON TO AN APPROPRIATE FACILITY FOR A PSYCHIATRIC EXAMINATION AND REPORT

This matter is before the Court on the motion to determine the competency of the defendant to stand trial. (Doc. 11). The government does not oppose the defendant's motion. For the reasons that follow, the defendant's motion is granted.

On November 8, 2017, Jerry Wilkinson was charged by way of Indictment with: receipt/distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) (Count 1); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (Count 2). On November 9, 2017, the Court held a hearing on the defendant's motion to decide whether there is reasonable cause to question the defendant's competency before ordering an examination or further hearing. (Doc. 18).

The Court may order a hearing to determine the competency of a defendant only if it finds "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). In determining whether a defendant is competent to stand trial, the Court must assess "whether he has sufficient present ability to consult with his lawyer

with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 411 (1960). "[T]he standard . . . for requiring competency hearings prior to trial or the entry of a guilty plea is not merely whether extant evidence raises 'doubt' as to the defendant's capacity to stand trial, but rather whether evidence raises a 'bona fide doubt' as to the defendant's competence." *Warren v. Lewis*, 365 F.3d 529, 533 (6th Cir. 2004) (citing *Drope v. Missouri*, 420 U.S. 162, 173 (1975) (and in turn quoting *Pate v. Robinson*, 383 U.S. 375, 385 (1966))).

Before ordering a psychological examination to assist in the competency determination, the Court must find reasonable cause to believe the defendant is incompetent to stand trial. *United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996). *See also United States v. Jackson*, 179 F. App'x 921, 931 (6th Cir. 2008). Even where the defendant moves for a competency examination, the Court has an independent duty to determine whether there is reasonable cause to question the competency of the defendant before ordering an examination. *Davis*, 93 F.3d at 1290.

In this case, the Court has been presented with circumstances that (1) raise a bona fide doubt about the defendant's present ability to consult with his lawyer with a reasonable degree of rational understanding, and (2) call into question his rational and factual understanding of the proceedings. The undersigned had an opportunity to review the pretrial services report, to hear the presentation of the defendant's lawyer, and to observe and have a colloquy with Mr. Wilkinson. The pretrial services report indicates that the defendant has a history of mental health issues and has previously been diagnosed with schizophrenia and a mood disorder, for which he was prescribed medication. The defendant attended counseling services for depression and other

conditions he could not remember. The defendant's sister-in-law related the defendant has a low IQ and the "mentality of a child."

Counsel for the defendant expressed his belief that the defendant may be suffering from a mental disease or defect rendering him incompetent to stand trial. Counsel stated that based on his experience with other criminal defendants who are facing similarly serious charges, the defendant presented as easily susceptible to suggestion and docile. Counsel expressed concern with the defendant's cognitive abilities and, coupled with his diagnosed mental health conditions, the defendant's ability to make knowing and intelligent decisions in relation to his own defense. Counsel spoke with family members who similarly expressed concerns with the defendant's potentially low IQ, cognitive limitations, and mental health history.

The Court had the opportunity to hold a colloquy with the defendant and observe his demeanor firsthand. The defendant could not recall whether he had completed the ninth or tenth grade and he was frequently slow to respond to questions. His demeanor and responses to the Court's questions raise a genuine doubt in the mind of the Court about Mr. Wilkinson's cognitive ability to make knowing and intelligent decisions and to effectively communicate with his lawyer to assist in his own defense. Given the totality of the information before the Court, the Court finds there is reasonable cause to believe that the defendant may not be competent to stand trial and, specifically, that he may lack the present ability to consult with his lawyer with a reasonable degree of rational understanding.

Accordingly, the Court hereby GRANTS the defendant's motion pursuant to 18 U.S.C. § 4241(a). The Court orders that a psychiatric or psychological exam of the defendant be conducted at a Federal Medical Center designated by the Attorney General (Bureau of Prisons), to determine whether the defendant "is suffering from a mental disease or defect rendering him

mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *See* 18 U.S.C. § 4247(c)(4)(A).

The Court **ORDERS** that the United States Marshal request the defendant be designated to a medical facility maintained by the United States Bureau of Prisons (BOP) for a period not to exceed thirty (30) days from the date of his arrival, pursuant to 18 U.S.C. § 4247(b), in order to undergo a mental competency examination, and for the preparation of a psychiatric or psychological report, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), in order to determine whether the defendant "is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4247(c)(4)(A). The Court requests that the BOP give due consideration to the defendant's known medical needs, if any, when designating a suitable facility. Thereafter, the United States Marshal shall notify the Court of the facility at which the defendant has been designated so a further transport order may be entered.

Upon request by the BOP, counsel for the defendant or the government may provide the pre-trial services report to the BOP to facilitate in either the designation or evaluation of the defendant.

The examining physician **SHALL** submit a report to the Court, pursuant to 18 U.S.C. §§ 4241(b) and 4247(c), regarding whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Additionally, the report **SHALL** address all other criteria sets forth in 18 U.S.C. § 4247(c),

including, the defendant's history and present symptoms, a description of the tests employed and their results, the examiner's findings, and the examiner's opinions as to diagnosis and prognosis.

The report shall be sent to:

The Honorable Karen L. Litkovitz
United States District Judge
Potter Stewart U.S. Courthouse
100 East Fifth Street, Room 716
Cincinnati, Ohio 45202
(513) 564-7690

The Court will then provide copies to counsel for the defendant and the United States pursuant to 18 U.S.C. § 4247(c).

Should the defendant's medical examination require a period of custody longer than the time set forth in 18 U.S.C. § 4247(b), the director of the BOP facility **SHALL** notify the Court immediately, and timely seek a reasonable extension.

Pursuant to 18 U.S.C. § 3161(h)(1)(A), "[a]ny period of . . . delay resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant" **SHALL BE EXCLUDED** in computing the time within which trial must commence.

**IT IS ORDERED** that the Clerk deliver a certified copy of this Order for Psychiatric Exam to the United States Marshal or other qualified officer.

**IT IS FURTHER ORDERED** that the United States Marshal shall notify the Court immediately of the facility at which the evaluation will be performed so a further Transport Order may be entered.

**IT IS SO ORDERED**, this ___*13*___ day of November, 2017.


Date: *11/13/17*

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

5